## STATE ex McKAY v BOWEN, Supt of Insurance

Ohio Appeals, 2nd Dist, Franklin Co

No 2977.  Decided April 7, 1939

Samuel H. Katz, Cleveland, and Philip H. Weiss, Cleveland, for relator-plaintiff.

Thomas J. Herbert, Attorney General, Columbus, for defendant.

### OPINION

By BARNES, J.

The above entitled cause is now being determined on defendant's general demurrer to plaintiff's petition.

Plaintiff filed, in our court, an original action praying that a writ of mandamus issue against the defendant as Superintendent of Insurance to compel and require the Cleveland Hospital Service Association of Cleveland, Ohio, its solicitors and agents to comply with and conform to the insurance laws of the State of Ohio. Further that said Superintendent compel and require said Association, solicitors and agents to desist from violating the insurance laws and upon their failure so to do, to prosecute them under the statutes of the State of Ohio and further that he require such Association to desist from engag-

ing in the insurance business and to desist from selling contracts for hospital service until such Association, its solicitors and agents shall and will comply and conform with the insurance laws of the State of Ohio.

Plaintiff's petition, among other things, alleges that she is a citizen of the State of Ohio, residing in the City of East Cleveland, Ohio, and that she is a duly appointed and qualified acting insurance agent and solicitor for the Income Guaranty Company of South Bend, Indiana, having its Cleveland branch office in the Rockefeller Building, Cuyahoga County, State of Ohio; that she is duly appointed and qualified under §644-1, GC, and is engaged in the business of soliciting for and selling policies of general and all kinds of insurance.

That the Cleveland Hospital Service Association of Cleveland is a corporation, not for profit, organized and existing under the laws of the State of Ohio, and that said corporation has not been licensed by the respondent to carry on a general insurance business, or any other kind of insurance business, under the insurance laws of Ohio, but that this corporation, contrary to law, is carrying on an insurance business in the County of Cuyahoga, State of Ohio, and is engaging the services of certain persons and individuals as insurance solicitors and agents; and that said corporation is engaged in the insurance business and by and through its appointed solicitors and agents is selling contracts known as Contracts of Hospital Service, providing for hospital service to be rendered to the purchasers by various hospitals and corporations in Cuyahoga County, other than the Cleveland Hospital Service Association. This is claimed to be in violation of the insurance laws of the State of Ohio; that said contracts for hospital service are in fact contracts of insurance.

Relator further states, in the regular course of her business, she sells contracts for hospital service and is meeting competition in the Cleveland Hospital Service Association and thereby is suffering irreparable damages to her business. The petition calls attention to §617, GC, wherein it is provided that respondent has jurisdiction to take cognizance of the illegal operations of the Cleveland Hospital Service Association.

The petition further alleges that defendant was notified in writing of the claimed illegal operations of the Cleveland Hospital Service Association and at a later date was given like notice by her attorneys; that he has declined and refused to act.

Respondent's brief in support of the general demurrer raises four questions as follows:

"1. Does relator have legal capacity to sue?

2. Will mandamus lie where the law affords other adequate remedies to correct the wrongs of which relator complains?

3. Will mandamus lie to control discretionary power vested in a public official?

4. Will mandamus lie to compel enforcement and observance of laws generally?"

Counsel presents his argument and cites authorities on each of the four questions.

It is obvious from the mere statement of the four questions that, abstractly, the answer is in favor of respondent. This by no means settles the controversy, for the reason that we must further determine whether or not, under the allegations of the petition, relator brings herself within the law.

Finding, as we do, that the law affords another adequate and complete remedy, we do not deem it necessary to discuss any other question which the demurrer may raise.

It is expressly provided, under the Ohio Code, that,

"The writ (mandamus) must not be issued in a case where there is a plain, adequate remedy in the ordinary course of law." §12287, GC.

It is our conclusion that, under the facts alleged in the peti- ▮▮▮▮▮▮ ▮ tion, quo warranto furn- ishes the full and complete remedy.

Mandamus would not furnish a full and complete remedy for the reason that the claimed offending Association is not a party to this action. The Supreme Court of Ohio has announced the principle in a case very similar in its facts to the instant case. We refer to State ex Phelps v Gearhart, Superintendent of Insurance, 104 Oh St 422. In the reported case the relator, Phelps, in an original action in mandamus brought in the Supreme Court sought a peremptory writ of mandamus requiring the Superintendent of Insurance to revoke all licenses issued by his department to insurance companies indemnifying physicians and surgeons against loss from liability imposed upon insured for damages on account of bodily injuries or death suffered in consequence of malpractice, error or mistake.

The relator further alleged that under a license previously issued by the department and then in force the Fidelity and Casualty Company of New York, a foreign corporation, has issued and will continue to issue to physicians and surgeons residing and practicing in this state indemnity contracts to indemnify the person named against loss from the liability imposed by law upon the assured, for damages on account of bodily injuries or death suffered by any person or persons in consequence of any malpractice, error or mistake. It was the claim of the relator that such indemnity contracts are violative of the law of the State of Ohio and inimical to public policy. Further, the petition contained the averment that the respondent has declined to revoke such licenses. Syllabus 1 and 2 in the above entitled cause reads as follows:

"1. An action in mandamus will not lie where the employment of the writ does not give a full and complete remedy, or in a case where the law affords another remedy specifically securing the enforcement of a right or the correction of the wrongs complained of.

2. In order to test the validity of a license issued to an insurance company, which, in consequence thereof, is exercising a franchise or privilege claimed to be in contravention of law, quo warranto furnishes a specific remedy. In such an action the writ would issue in a single suit wherein the offending company is a party and where the judgment rendered would bind the real party in interest."

Judge Jones rendering the opinion, on page 424, states the following:

"In this state a specific remedy has been provided which is far more adequate to redress the grievances complained of than is the employment of the wrt of mandamus.

Sec. 12304, GC, authorizes a civil action in quo warranto, brought in the name of the state, against a corporation exercising a franchise, privilege or right in contravention of law.

It appears from the petition that the license or certificate to do the business complained of was issued to the Fidelity and Casualty Company of New York by the superintendent of insurance. It has been held that this certificate, so long as it remains in force, confers upon the insurance company the right to do business in this state, and that the privilege so conferred is a franchise. State ex rel Ackerman, 51 Oh St 163. Exercising the franchise conferred, the only adequate remedy by which the validity of the franchise can be tested, as announced in the foregoing case, is by an action in quo warranto, brought directly against the corporation offending. A judgment in such case would be a final determination of the rights, both of the state and of the insurance company. It is readily seen that any action taken by the court in a mandamus proceeding, where the insurance company was not a party to the suit, would in no wise be binding upon the insurance company. What boots it that this

340

court issue its writ of mandamus compelling a revocation of this license, if the insurance company may later appeal to a court for a hearing and judgment in a cause wherein it is a party? The futility of such proceeding is clearly shown."

This decision of the Supreme Court, in its language and in its principle, completely disposes of the instant case.

Respondent's demurrer will be sustained and relator's petition dismissed at relator's costs.

HORNBECK, PJ, and GEIGER, J, concur.